# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

**JEANINE COHEN**, Plaintiff,

v.

**C. BERMAN ASSOCIATES, INC.**, Defendant.

Case No.: _____
(Jury Trial Demanded)

**COMPLAINT**

**I. JURISDICTION AND VENUE**
1. This action arises under Title VII of the Civil Rights Act of 1964, the Equal Pay Act, the Fair Labor Standards Act, the New York State Human Rights Law, and the New York Labor Law.
2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.
3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District.

**II. PARTIES**
4. Plaintiff Jeanine Cohen resides in Wappingers Falls, New York.
5. Defendant C. Berman Associates, Inc. conducts business affecting New York commerce.

**III. ADMINISTRATIVE EXHAUSTION**
6. Plaintiff filed a charge with the Equal Employment Opportunity Commission.
7. Plaintiff received a Notice of Right to Sue dated December 12, 2025.
8. This action is timely filed within ninety days.

**IV. EMPLOYMENT RELATIONSHIP AND CONTROL**
9. Plaintiff began working for Defendant in approximately August 2024 as a territory sales representative covering New York.
10. Although Defendant classified Plaintiff as an independent contractor and issued a Form 1099, Defendant exercised substantial control over Plaintiff's work.
11. Defendant required weekly commission reports, mandatory meeting attendance, strict communication protocols, response time requirements, and compliance with detailed agency rules.
12. Defendant imposed monetary penalties for alleged noncompliance with internal rules.
13. Defendant prohibited Plaintiff from performing similar work for other companies and required Plaintiff to work exclusively for Defendant.
14. Plaintiff was economically dependent on Defendant and functioned as an employee under federal and New York law.

**V. COMPENSATION STRUCTURE AND DEFICIT SYSTEM**
15. Defendant maintained a rolling deficit or "loan" accounting system under which earned commissions were applied against a negative balance before net compensation was paid.
16. Beginning in or about January 2025 and continuing thereafter, Plaintiff worked approximately 40 hours per week during multiple workweeks but received $0 net compensation for those weeks.
17. During at least eight such workweeks, Plaintiff's effective hourly compensation fell below the

applicable federal and New York minimum wage.
18. Defendant required Plaintiff to continue performing full-time work during these periods.

### VI. PROTECTED ACTIVITY AND RETALIATION
19. In or about November 2024, Plaintiff questioned Defendant regarding withheld commissions and unequal compensation practices.
20. In or about November 2024, Defendant imposed a monetary deduction from Plaintiff's earned commission for alleged noncompliance with internal agency rules.
21. In early June 2025, Defendant's principal made statements referencing gender and Plaintiff's prior discrimination complaint and expressed concern that Plaintiff was attempting to "set him up" to sue.
22. Plaintiff thereafter raised concerns regarding sex-based unequal treatment.
23. Defendant subjected Plaintiff to heightened scrutiny and adverse treatment and ultimately terminated Plaintiff's employment.

### VII. COMPARATOR ALLEGATIONS
24. Male comparators performing substantially equal sales work requiring equal skill, effort, and responsibility under similar working conditions were compensated more favorably and were not subjected to the heightened scrutiny, restrictive commission practices, and differential performance standards imposed upon Plaintiff.

### COUNT I – Equal Pay Act
25. Defendant violated the Equal Pay Act by paying Plaintiff less than male employees for substantially equal work.

### COUNT II – Title VII Sex Discrimination
26. Defendant discriminated against Plaintiff in compensation and terms of employment because of sex.

### COUNT III – Title VII Retaliation
27. Plaintiff engaged in protected activity and Defendant retaliated through wage suppression and termination.

### COUNT IV – NYSHRL Discrimination and Retaliation
28. Defendant violated the New York State Human Rights Law through discriminatory and retaliatory conduct.

### COUNT V – NYSLL §191 (Failure to Timely Pay Wages)
29. Defendant failed to timely pay earned commissions.

### COUNT VI – NYSLL §193 (Unlawful Deductions)
30. Defendant made unlawful deductions from Plaintiff's earned wages.

### COUNT VII – NYSLL §198 (Wage Theft Damages)
31. Plaintiff is entitled to unpaid wages, liquidated damages, and statutory relief.

### COUNT VIII – FLSA Minimum Wage
32. Defendant failed to pay Plaintiff minimum wage for workweeks in which she worked approximately 40 hours but received $0 net compensation.

### COUNT IX – NYSLL Minimum Wage
33. Defendant violated New York Labor Law §652 by failing to pay minimum wage.

### PRAYER FOR RELIEF

Plaintiff seeks back pay, unpaid wages, liquidated damages, compensatory damages, punitive damages, statutory damages, attorney's fees, costs, and such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully submitted,

Jeanine Cohen
83 Helen Drive
Wappingers Falls, NY 12590
(914) 482-3358
jeaninepcohen@yahoo.com
Date: March 3, 2026